IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                  ) | CASE NO. CR416-082 |
| ) | |
| BENJAMIN GORDON,           ) | |
| ) | |
| Defendant.              ) | |
| ) | |

## O R D E R

Before the Court is Defendant Benjamin Gordon's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 34.) The Government has opposed Defendant's motion. (Doc. 35.) For the following reasons, Defendant's motion (Doc. 34) is **DISMISSED**.

### BACKGROUND

In June 2016, Defendant pled guilty to distribution of cocaine. (Doc. 19, 20.) The Court sentenced Defendant to 102 months' imprisonment, to be followed by three years' supervised release. (Doc. 33 at 2-3.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Yazoo City Low located in Yazoo City, Mississippi, with a projected release date of June 24, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 10, 2020).

**ANALYSIS**

Defendant now moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 34 at 1.) In addition, Defendant requests a sentence reduction in the form of home confinement. (Id.) Defendant's motion is primarily based on the COVID-19 pandemic and his assertion that incarceration during the pandemic endangers his health. (Id. at 1.)

I. HOME CONFINEMENT

To begin, Defendant seems to request home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").[1] (Doc. 34 at 1.) A defendant's request for home confinement under the CARES Act is different than a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020); United States v. Allen, No. 2:14-cr-024, 2020 WL 2199626, at *1 (S.D. Ga. May 6, 2020). Under § 12003(b)(2) of the CARES Act,

> if the Attorney General finds that emergency conditions will materially affect the functioning of

---

[1] Defendant, in his motion, requests home confinement based on a memorandum issued by the Attorney General on April 3, 2020. (Doc. 34 at 1.) In this memorandum, the Attorney General utilized his authority under the CARES Act to direct the BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from the Attorney General to the Director of the Bureau of Prisons (Apr. 3, 2020), available at https://www.justice.gov/file/1266661/download. Accordingly, Defendant's request for home confinement is pursuant to the CARES Act.

2

> the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Thus, in placing a defendant in home confinement, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c). United States v. Tandy, No. 4:19-cr-159, 2020 WL 2772766, at *1 (S.D. Ga. May 28, 2020); Allen, 2020 WL 2199626, at *1. Accordingly, "[d]esignation of an inmate's place of confinement, including placement in home confinement, rests within the absolute discretion of the BOP." United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *2 (S.D. Ga. June 9, 2020); see also United States v. Calderon, No. 1911445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); United States v. Greene, No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020); Allen, 2020 WL 2199626, at *1 ("These statutes do not authorize a federal court to order the BOP to release a prisoner."). As a result, to the extent Defendant is seeking an order from this Court placing him on home confinement, Defendant's motion is **DISMISSED**.

II. <u>COMPASSIONATE RELEASE</u>

Defendant also seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (<u>Id.</u> at 1.) Under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Here, Defendant claims he requested home confinement from the warden of FCI Yazoo City on April 1, 2020. (Doc. 34 at 1.) To support his claim, Defendant attaches a form titled "Motion" wherein he checked "Yes" in response to the question: "Have you submitted your request for a sentence reduction to the warden of the institution where you are incarcerated?" (Doc. 34 at 2-3.)

4

As discussed, however, a defendant's request for home confinement under the CARES Act is different than a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Allen, 2020 WL 2199626, at *1. Accordingly, to the extent Defendant requested home confinement from the warden, he did not exhaust his administrative remedies as required by § 3582(c)(1)(A).

Even assuming Defendant's request to the warden was a request for compassionate release pursuant to § 3582(c)(1)(A), Defendant has not provided any evidence to support his claim that he made such a request. Although Defendant attached a form to his motion, this form cannot establish that Defendant actually submitted a request on April 1, because the form is dated May 11, 2020 and only shows that Defendant claims he submitted a request. Thus, it is impossible for the Court to determine whether Defendant in fact submitted a request to the warden. United States v. Courson, No. CR215-010, 2020 WL 2516392, at *1 (S.D. Ga. May 15, 2020) ("Because [defendant] has not provided the Court with enough information to conclude he has exhausted his administrative remedies, the Court must dismiss his motion."). Because the Court finds that Defendant has not exhausted his administrative remedies, the Court must dismiss Defendant's motion. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); McCloskey, No. 2020 WL 3078332, at *5.

Moreover, even if Defendant had exhausted his administrative remedies, he has not provided "extraordinary and

5

compelling reasons" which warrant a reduction in his sentence. Under § 3582(c)(1)(A), a court may reduce a defendant's sentence where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant would not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons that justify a sentence reduction: (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).

In this case, Defendant generally argues that he has extraordinary and compelling reasons for compassionate release because he suffers from bronchitis and osteomyelitis. (Doc. 34 at 1, 4.) Specifically, Defendant argues that these conditions make him vulnerable to serious complications from COVID-19. (Id.) For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[]

6

the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13 n.1(A)(ii). Here, Defendant has failed to demonstrate the severity of his conditions or the effect these conditions have on his ability to care for himself while incarcerated. United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v. Johnson, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020). Moreover, the Court does not agree with Defendant's generalized argument that potential exposure to COVID-19 is an extraordinary and compelling reason to warrant compassionate release. See Raia, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."); United States v. Johnson, No. CR108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020) (denying motion for compassionate release because the defendant only argued that "he will likely meet the criteria [for a serious medical condition] if he contracts COVID-19"). Accordingly, without additional medical evidence, the Court would deny Defendant's motion on the merits as well.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release (Doc. 34) is **DISMISSED**.

SO ORDERED this 13th day of July 2020.

---

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA